**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

AMY J SEARLES,

       Plaintiff,

         v.

FRANK BISIGNANO,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

CASE NO. 1:23-CV-476-HAB

## OPINION AND ORDER

This matter is before the Court on a Motion for Attorney Fees under 42 U.S.C. § 406(b). Ann Trzynka ("Counsel"), who represented Plaintiff Amy J. Searles ("Plaintiff") before this Court and in subsequent administrative proceedings, asks this Court to approve an award of attorney fees. (ECF 20).

The Court previously awarded Counsel $4,674 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (ECF 19). Counsel now asks the Court to award a gross amount of $8,174 in attorney fees under § 406(b). (ECF 20). This figure roughly equals 18.5 percent of Plaintiff's $44,271.17 in past-due benefits. (*Id.*). Counsel also asks the Court to utilize the "netting method" so she can retain the previously awarded EAJA fees. (*Id.*). This would result in the Commissioner of Social Security ("Commissioner") disbursing just $3,500 from the Plaintiff's past-due benefits to satisfy the balance of the § 406(b) fee. The Commissioner does not object to the motion.

42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). Attorneys who obtain favorable judgments for Social Security claimants can obtain "a

*reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Counsel requests $8,174 in fees for 19 hours of attorney work. (ECF 20-1, at 25–26). This would result in an effective attorney hourly rate of $430.21 per hour. The $8,174 figure equals 18.5 percent of Plaintiff's past-due benefits, notably less than 25 percent maximum allowed for representation in court under § 406(b). It is also less than the contingency agreement allows Counsel to request. (ECF 20, at 1; 20-1, at 2).

The Court finds that the attorney fees requested are reasonable. While Counsel's motion does not indicate Plaintiff's express satisfaction, it can be implied. Plaintiff was initially denied benefits. Counsel successfully reversed that result. To do so, Counsel represented Plaintiff before this Court and in administrative appeals for more than two years. Plaintiff is now entitled to $44,271.17 in past-due benefits. (*Id.*, at 6). This would not have occurred without Counsel's successful representation.

Other factors also indicate the fees request is reasonable. There is no evidence Counsel delayed or overreached in this case. By representing Plaintiff on contingency, Counsel also assumed

considerable risk of financial loss. The effective hourly rate Counsel requests is well within the range of past awards approved in this jurisdiction.[1] Further, the net attorney fee charged to Plaintiff will be only 18.5 percent of her past-due benefits once the netting is done to account for the previously awarded EAJA fees.

Accordingly, the Motion for Attorney Fees Pursuant to 42 U.S.C. Section 406(b) (ECF 20) is GRANTED in the amount $8,174, less the $4,674 already received under the EAJA. The Commissioner shall pay Counsel the resulting net fee award of $3,500 out of Plaintiff's withheld past-due benefits and release any remaining withheld benefits to Plaintiff.[2]

**SO ORDERED** on May 20, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] *See, e.g.*, *Sholl v. Comm'r of Soc. Sec.,* No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. Feb. 6, 2024) (awarding a fee equating to $484.74 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) (awarding fee equating to $603.14 per hour).

[2] The Court notes that while the netting method for disbursement of attorney fees "is permissible" and allows it here, it is "'disfavor[ed]'" because the Savings Provision of § 406(b)(1) "anticipates an attorney-to-claimant refund." *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020) (quoting *Martinez v. Berryhill*, 699 F.App'x. 775, 776 (10th Cir. 2017)).